IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID MAGEE, | ) |
| Plaintiff, | ) 4:05cv3224 |
| vs. | ) ORDER on INITIAL REVIEW |
| NEBRASKA PAROLE ADMINISTRATION, et al., | ) |
| Defendants. | ) |

This matter is before the court for initial review[1] of the complaint filed by the plaintiff, David Magee, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"). The plaintiff, who is proceeding pro se and in forma pauperis ("IFP"), asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging denial of due process and equal protection in connection with parole proceedings.

**Presumption of Official Capacity**

The complaint does not specify whether the persons named as defendants are sued in their individual capacity, official capacity, or both capacities. In those circumstances, the law presumes that a defendant is sued *only* in his or her official capacity. See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings).

**Meaning of "Official Capacity"**

A suit against a public employee in his or her official capacity is actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, a claim against a state employee, in his or her official capacity, is in reality a claim against the entity that employs the officer, i.e., the State. See also Eagle v. Morgan, 88 F.3d 620, 629 n. 5 (8th Cir. 1996), *quoting* Kentucky v. Graham: "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."

If suing the defendant-persons, in their official capacity *only*, is not the plaintiff's

---

[1] The Prison Litigation Reform Act ("PLRA") requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, restricts remedies, and dictates procedures in prisoner litigation. See, e.g., 28 U.S.C. § 1915A (initial review, or "screening," of prisoner complaints).

1

intent, he may file a short amendment to the complaint within 30 days of the date of this Order, specifying that he intends to sue those defendants, or any of them, in their individual capacity or in both their individual and official capacities. If the plaintiff does amend his complaint to sue any defendant(s) in their individual capacity or in both capacities, the plaintiff must request additional summons forms and Form 285s. That is because government employees are served in different locations in their individual and official capacities.

### Parole Board and Administration

The defendants identified as Parole Board and Parole Administration are, in law, considered to be agencies of the State of Nebraska. As such, they are part of the State and they share the State's sovereign immunity under the Eleventh Amendment to the United States Constitution. That means that no damages can be recovered from those defendants, considered to be the State of Nebraska, although certain kinds of limited injunctive relief may be recovered from the State.

### PLRA

The Prison Litigation Reform Act ("PLRA") limits the recovery of damages for emotional distress and psychological suffering. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal damages.

This case is assigned to the docket of District Judge Laurie Smith Camp. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide.

2. The Clerk of Court is directed to provide the plaintiff with only ONE summons and ONE 285 forms and a copy of this order. Only one of each form is necessary is because the all of the defendants are the equivalent, in law, of the State of Nebraska. Therefore, the plaintiff may list all of the defendants on one summons form and on one Form 285. If the plaintiff amends his complaint to specify that the persons named as defendants are sued in their individual capacity also, he shall request additional summons and 285 forms, as persons are served in different locations in their official and individual

capacities.

3. When completing forms for service of process on the State of Nebraska, a State Agency (e.g., parole board) or on state employees in their *official* capacity, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(1), which states in pertinent part:

> (1) The State of Nebraska, any state agency ... and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General.

The address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509.

4. Upon receipt of the completed summons and 285 forms, the Clerk will sign the summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

5. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. The plaintiff is hereby notified that failure to obtain service on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

6. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

7. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

8 The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

9. A defendant has twenty (20) days after receipt of a summons to answer or otherwise respond to the complaint.

      10.    The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

      11.    The plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

      12.    General instructions for completing the forms for service of process are attached to this Order.

      DATED this 24th day of October, 2005.

                                    BY THE COURT:

                                    s/ F. A. GOSSETT
                                    United States Magistrate Judge

INSTRUCTIONS: SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1. A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2. A form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process and where to serve the defendant(s). The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3. Do not copy your complaint to attach to the summons; the court will do that for you.

4. You may serve only defendant(s) named in the case caption of the complaint. If you want to serve additional defendant(s), you must move for leave to amend the complaint to add the additional defendant(s) to the case caption.

5. Be sure to print your case number on all forms.

6. You must give an address for the party to be served. The U.S. Marshal will not know a defendant's address.

7. For service on the State of Nebraska, a State agency or a State employee in his or her *official* capacity, the address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509.

8. On the other hand, state employees in their *individual* capacity may be served where they can be found, e.g., at home or at their present place of employment.

9. Where a summons form states: "You are hereby summoned and required to serve on plaintiff's attorney" print your name and address.

10. Where a form 285 states: "send notice of service copy to requestor at name and address" print your name and address.

11. Where a form 285 calls for "signature of attorney or other originator" provide your signature and date the form.

12. Leave the last part of the summons form blank. The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.

5