IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID MAGEE, | ) | |
| Plaintiff, | ) | 4:05cv3224 |
| vs. | ) | MEMORANDUM AND ORDER |
| NEBRASKA PAROLE ADMINISTRATION, et al., | ) | |
| Defendants. | ) | |

This matter is before the court on Filing No. 18, the Motion to Dismiss filed by the defendants, the Nebraska Parole Administration, Nebraska Board of Parole, and individual members of the Board of Parole. The plaintiff, David Magee, a prisoner in the custody of the Nebraska Department of Correctional Services, asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging denial of due process and equal protection in connection with parole decisions. In essence, the plaintiff contends that the defendants wrongfully and improperly denied him parole, for which he seeks damages and the resignation of members of the Parole Board.

Recently, the Eighth Circuit Court of Appeals issued several decisions which clarify that members of a state parole board "are entitled to absolute immunity when considering and deciding parole questions, as this function is comparable to that of judges." Mayorga v. State of Mo., 442 F.3d 1128, 1131 (8th Cir. 2006). Accord Figg v. Russell, 433 F.3d 593, 598 (8th Cir. 2006) ("parole board members are absolutely immune from suit when considering and deciding parole questions") (citation omitted).

"[A]bsolute immunity applies if parole officials have the power to attach conditions to a prisoner's early release." Mayorga v. State of Mo., 442 F.3d at 1131, *citing* Figg v. Russell, 433 F.3d at 598 ("the inquiry focuses on whether the subject matter of the decision was within the official's power, and whether the official was acting in [his or] her official

capacity at the time of the decision"). Even if a parole board member makes an erroneous decision, the decision is not outside the official's jurisdiction simply because it is wrong. Therefore, absolute immunity is not forfeited because of the error. Mayorga v. State of Mo., 442 F.3d at 1131 (deciding that parole board members were entitled to absolute immunity in their individual capacities even if mistaken in judgment).

Thus, the plaintiff's claims against the defendants in their *individual* capacities must be dismissed, as "absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." Figg v. Russell, 433 F.3d at 597. In addition, as the Eighth Circuit pointed out in Mayorga v. State of Mo., 442 F.3d at 1131, n. 2, the Parole Board members acting in their *official* capacity are not "persons" who may be sued under 42 U.S.C. § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (as a matter of sovereign immunity, a state, state agencies and instrumentalities, and state employees in their official capacity are not "persons" subject to suit under the federal civil rights laws).

Therefore, based on the defendants' immunities as state agencies and as state employees in their individual and official capacities, Filing No. 18, the defendants' Motion to Dismiss will be granted. Judgment will be entered accordingly.

IT IS SO ORDERED.

DATED this 19th day of June, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge